IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JONATHON ROSS,**
an individual,

    Plaintiff,                              CASE NO.:

v.

**CITY OF GULFPORT, FLORIDA,**
a Florida municipality,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JONATHON ROSS (hereinafter, "Plaintiff" or "Ross") by and through his undersigned counsel, sues Defendant, CITY OF GULFPORT, FLORIDA, (hereinafter, "Defendant") and in support thereof states as follows:

### Nature of the Action

This action is brought under Title I and Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA") and the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA") to redress Defendant's unlawful employment practices, including Defendant's discrimination of Plaintiff, including its failure to promote and retaliate against Plaintiff.

### Parties

1. Plaintiff is a resident of Hillsborough County, Florida, at all times relevant to this matter and has been employed by Defendant as a police officer during same.

2. Defendant is a Florida municipality located and opearating in Pinellas County, Florida, at all times relevant to this matter.

3. The Defendant municipality operates its own law enforcement agency or Police Department to serve and protect its citizens.

4. Defendant is Plaintiff's employer within the meaning of the ADA and FCRA at all times relevant to this action.

5. Plaintiff is at all times relevant hereto an eligible employee as defined by the ADA and FCRA.

## Jurisdiction and Venue

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343 & 1345.

7. The Middle District of Florida, Tampa Division is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Plaintiff resides and in which the events or omissions giving rise to the claims occurred.

8. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, if any, including the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), receiving a right to sue notice from same and timely filing the present action.

## Factual Background

9. Plaintiff began his employment as a law enforcement officer with Defendant's Police Department in or about March of 2014.

10. During his employment Plaintiff has devoted himself without reservation to protecting Defendant's citizens and helping the Police Department serve the community in an effective and diligent manner.

11. In or about March of 2018, Plaintiff was in a motorcycle accident that caused him to suffer various physical injuries and ongoing disabling health conditions.

12. As a result of Plaintiff's physical health issues he was required to seek various accommodations and benefits, including necessary leave time to attend medical and therapy appointments.

13. Initially Defendant granted Plaintiff such accommodations without issue, but its legally compliant attitude dissipated over time.

14. Defendant began to subject Plaintiff to an onging pattern of harassment, disparate treatment with undue scrutiny, among other things, and retaliation as a result of Plaintiff's disabling condition and accommodation requests.

15. Defendant would unnecessarily question Plaintiff's need for use of such time and began a pattern of treating him in a hostile and accusatory manner despite his properly following sick leave procedures and Defendant having no legitimate or warranted basis to treat Plaintiff as such.

16. Moreover, Defendant's hostility towards Plaintiff steadily increased whereby he was subjected to further undue scrutiny, threatening comments and demeanor, unwarranted discipline and threats of same, a grossly inaccurate negative evaluation in July of 2019 and retaliatory disparate treatment with regard to promotion opportunities.

17. On August 2, 2019, Plaintiff had a supervisory review for promotion to Sergeant where he would have been third on the promotion list when considering the objective criteria that he was able to control. However, a maliciously manipulated written

score on the biased and hostile evaluation precluded Plaintiff from such a promotion for the next two (2) years and otherwise impedes Plaintiff's career.

18. A very concerned Plaintiff discussed the inequitable and manipulated failure to promote matter with a Commander who sat on the promotion board in an attempt to gain insight.

19. Based upon information and belief certain promotion board members conveyed during their meeting that they did not want to hear from certain members regarding their very valid and informed opinions of Plaintiff and his legitimate candidacy for promotion.

20. Instead such biased and retaliatory promotion board members openly expressed their disdain and hostile attitudes towards Plaintiff, using profanity and making snide comments in discussing him, as opposed to engaging in good faith discussions regarding his abilities.

21. Reflecting the hostile and retalitaory demeanor that Defendant has forced Plaintiff to endure, Defendant's Police Chief, Robert Vincent, observed that Plaintiff's above score was so bad it was inexplicable how he could have attained such a low score without pior documentation existing to support such a low opinion.

22. Moreover, in an attempt to justify its illegally motivated animus towards Plaintiff, Chief Vincent ordered that his command staff begin paper trailing alleged problems with him in an effort to try and justify Ross' ridiculously low score and possibly fabricate a basis to terminate his employment.

23. Plaintiff was subsequently subjected to further hostile and retaliatory conduct where his superiors continued their pattern of undue scrutiny and inequitable

decisions. He has been forced to cancel necessary and preapproved medical appointments and impeded in his attempts to reschedule same; subsequent time off requests have been denied by command staff witout any legitimate basis or done so in a disparate manner; he has been subjected to unwarranted disciplinary actions; and ridiculed and demeaned by superior staff in an attempt to intimidate him.

24. Plaintiff voiced his opposition to the discrimatory and retaliatory work environment that Defendant has forced him to endure, but Plaintiff's work environment has remained discriminatory and retaliatory in nature.

25. Plaintiff has suffered damages as a direct and proximate result of Defendant's illegal conduct.

26. As a result of the foregoing, Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

27. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA in that Plaintiff was capable of performing all essential functions of the position that he held or other positions that should have been available to him, with or without a reasonable accommodation.

29. Likewise, at all times relevant to this action, Plaintiff (a) suffered from one or more actual disabilities and/or physical impairments that substantially limited one or more major life activities, (b) had a record of being disabled, and/or (c)

was perceived by Defendant as being actually disabled and/or substantially limited in one or more major life activities.

30. Defendant was prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to the terms, conditions, and privileges of employment and not treating Plaintiff adversely because of same.

31. Defendant violated the ADA by, among other things, treating Plaintiff in a disparate and hostile manner due to his disabling condition and/or failing to accommodate Plaintiff in a legally good faith manner.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any further employment practice violative of the ADA;

b. Declare Defendant's conduct to be in violation of the ADA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

33. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-six (26) as if fully set forth herein.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA in that Plaintiff was capable of performing all essential functions of the position that he held, with or without a reasonable accommodation.

35. Likewise, at all times relevant to this action, Plaintiff (a) suffered from one or more actual disabilities and/or physical impairments that substantially limited one or more major life activities, (b) had a record of being disabled, and/or (c) was perceived by Defendant as being actually disabled and/or substantially limited in one or more major life activities.

36. Defendant violated the FCRA by, among other things, treating Plaintiff in a disparate and hostile manner due to his disabling condition and/or failing to accommodate Plaintiff in a legally good faith manner.

37. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any further employment practice violative of the FCRA;

  b. Declare Defendant's conduct to be in violation of the FCRA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

  c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

  d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

  e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## **COUNT III**
## **RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE ADA**

  38. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-six (26) as if fully set forth herein.

  39. Plaintiff was in a protected group (disabled) at all times material to this action. Defendant subjected Plaintiff to disability discrimination.

  40. As described above, Plaintiff engaged in protected activity by requesting legally obligated accommodations from Defendant and otherwise voicing opposition to Defendant's discrimination and failure to comply with its obligations under the ADA.

  41. Defendant retaliated against Plaintiff for his having engaged in legally protected activity under the ADA.

  42. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the ADA;

b. Declare Defendant's conduct to be in violation of the ADA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT IV
## RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE FCRA

43. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-six (26) as if fully set forth herein.

44. Plaintiff was in a protected group (disabled) at all times material to this action. Defendant subjected Plaintiff to disability discrimination.

45. As described above, Plaintiff engaged in protected activity by requesting legally obligated accommodations from Defendant and otherwise voicing opposition to Defendant's discrimination and failure to comply with its obligations under the FCRA.

46. Defendant retaliated against Plaintiff for his having engaged in legally protected activity under the FCRA.

47. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

b. Declare Defendant's conduct to be in violation of the FCRA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby exercises his right to have a jury trial for all issues triable as such under law.

Dated:  11/9/20                              Respectfully submitted,

                                                **TOBIN LAW GROUP, PL**

                                                */s/ Bradley A. Tobin*
                                                Bradley A. Tobin
                                                Florida Bar No. 0101818
                                                btobin@tobinlawgroup.com
                                                Westchase Commons
                                                13043 West Linebaugh Ave.
                                                Tampa, Florida 33626
                                                Tel: (813) 452-6199
                                                Fax (813) 830-7200
                                                Attorney(s) for Plaintiff.